UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA

JOE W. AGUILLARD                                    CIVIL ACTION

VERSUS                                              NO. 1:19-CV-0538

UNUM LIFE INSURANCE COMPANY OF AMERICA

## COMPLAINT

The Complaint of Joe W. Aguillard respectfully alleges:

1. This is a claim for short and long term disability benefits.

2. This Court has jurisdiction and venue under 28 U.S.C. 1332, as the parties are diverse and the amount in controversy exceeds $75,000 exclusive of interest and costs.

3. **Plaintiff, Joe W. Aguillard**, of lawful age and a resident of Pineville, Louisiana is a plan participant and beneficiary of a group disability plan created by his employer, GuideStone Financial Resources of the Southern Baptist Convention and an insured participant of a group disability policy issued by Unum Life Insurance Company of America.

4. **Defendant**, **Unum Life Insurance Company of America ("UNUM")**, is a foreign corporation, domiciled in Portland, Maine and authorized and doing business in Louisiana. Upon information and belief, Unum is a citizen of Portland, Maine, where it is incorporated and which is its principal place of business.

5. UNUM issued a group policy, insuring the employees of GuideStone Financial Resources of the Southern Baptist Convention. Plaintiff is a beneficiary and insured under the policy.

6. UNUM issued a group disability policy insuring the employees of GuideStone Financial Resources of the Southern Baptist Convention.

7. Plaintiff's disability policy is part of a non-ERISA plan, as GuideStone Financial Resources of the Southern Baptist Convention's disability plan is exempt from ERISA under 29 U.S.C. Sec. 1002(33).

8. Plaintiff was forced to stop working due to his medical condition.

9. Plaintiff is disabled under the terms of the UNUM insurance policy and has provided Defendant with ample medical documentation and other evidence supporting his claim for disability benefits. For example, Plaintiff provided UNUM with medical records demonstrating he suffers from a serious medical condition, and his doctors have explained to UNUM that it was unsafe for Plaintiff to continue working in light of his medical condition.

10. Nevertheless, UNUM denied Plaintiff's short and long term disability benefits.

11. Plaintiff submitted an appeal of the denial of benefits but Unum has failed to reverse its decision.

12. UNUM received satisfactory proof of loss that fully apprised UNUM of Plaintiff's entitlement to disability benefits.

13. UNUM has, without good reason or cause, denied the claims for benefits despite receipt of overwhelming proof of his claim for disability benefits.

14. UNUM refused to promptly and fairly adjust and pay this claim. Plaintiff therefore seeks penalties against UNUM under the Louisiana Insurance Code, including, but not limited to, LA 22:658, LA RS 22:1892, LA RS 22:1821.

15. A reasonable and prudent businessman would have paid Plaintiff's claims after receiving the Proof of Loss Plaintiff provided to UNUM.

16. UNUM's failure to pay this claim was arbitrary and capricious, without good cause, and made in bad faith.

17. Despite receiving satisfactory proof of loss, Defendant did not pay the claims within 30 days. It failed to formally deny the claims until well after the 30-day period prescribed in the Louisiana Insurance Code.

18. UNUM's denial of this claim has caused Plaintiff financial damage, emotional distress, embarrassment, and anxiety.

19. UNUM breached its obligations under the Policy to Plaintiff by failing and refusing to pay benefits to Plaintiff after receiving proof of loss.  Further, UNUM's denial letters constitute an express repudiation and anticipatory breach of UNUM's future obligations to pay benefits to Plaintiff under the Policies, thus making all such obligations now due and owing.

20. Defendant intended to cause Plaintiff to suffer severe emotional distress or acted with a reckless disregard of the probability that such distress would result from its conduct.

21. UNUM's denial of these claims has caused Plaintiff untold financial and emotional hardship. He has been deprived of substantial disability income that he needs to pay ongoing medical and living expenses.

22. As a result of UNUM's conduct as alleged herein, Plaintiff suffers severe emotional distress.

23. UNUM unlawfully denied Plaintiff benefits he is entitled to under terms of the UNUM disability policy.

24. UNUM administered Plaintiff's claims with an inherent and structural conflict of interest as UNUM is liable to pay benefits from its own assets to Plaintiff, and each payment depletes UNUM's assets.

25. UNUM chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

26. Plaintiff has been denied the benefits due Plaintiff under the Plan, has suffered, and is continuing to suffer economic loss as a result.

27. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

28. Defendant's denials have required Plaintiff to hire attorneys to represent her in this matter to recover benefits due Plaintiff under the Plan.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

**1.** For damages, including past and future disability benefits under policy terms, plus interest;

**2.** For penalties under the Louisiana Insurance Code, including, but not limited to LA RS LA 22:658, LA RS 22:1892, LA RS 22:1821;

**3.** For damages for the physical and emotional distress UNUM caused to Plaintiff;

**4.** For all reasonable attorney fees and court costs;

**5.** For trial by jury; and

**6.** For all other relief as the facts and law may provide.

                        Respectfully submitted,

                        /s/ Reagan Toledano
                        Willeford & Toledano
                        Reagan L. Toledano (La. 29687)(T.A.)
                        James F. Willeford (La. 13485)
                        201 St. Charles Avenue, Suite 4208
                        New Orleans, Louisiana 70170
                        (504) 582-1286; (f) (313)692-5927
                        rtoledano@willefordlaw.com